**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| **CRAIG L JONES**, | : | |
| | : | |
| **Petitioner**, | : | |
| | : | **NO. 7:17-cv-00116-HL-TQL** |
| VS. | : | |
| | : | |
| **STATE OF GEORGIA,** *et al.*, | : | |
| | : | |
| **Respondent**. | : | |

_____

## ORDER

Petitioner Craig L Jones, currently confined at Autry State Prison, filed a notice and demand for order to vacate void judgment (ECF No 1) seeking to contest his state court criminal conviction. Because Petitioner ultimately sought an order vacating his state court criminal conviction, his notice of demand was docketed as a petition for writ of habeas corpus brought under 28 U.S.C. § 2254. In an Order dated July 6, 2017, (ECF No. 5), the Court advised Petitioner that his filing was construed as a petition for writ of habeas corpus and directed him to refile using the Court's standard forms. ECF No. 4. Petitioner was additionally advised that characterization of his filing as a habeas petition would subject any subsequent filing to the restrictions imposed upon second or successive § 2254 applications. Petitioner has now filed a motion to appoint counsel, motion for extension of time, and a motion for the court to issue an order vacating his sentence.

In his motions, Petitioner contests the Court's characterization of his motion as an action brought under Section 2254. Petitioner initially sought a 90 day extension of time to "show the Court that [Petitioner's] notice and demand petition is not a writ of habeas corpus." ECF No. 7. Petitioner then filed a "motion for relief demanded." ECF No. 9. In this motion, Petitioner again asserts that his notice and demand is not in the nature of habeas action and it is a "demand to vacate void judgment, and will be treated under the Rule 60(b)(5) relief from judgment, as in 'the judgment is void.'" ECF No. 9 at 2. Petitioner requests resolution of his motion as presented.

When a movant objects to a court recharacterizing a filing as a petition for writ of habeas corpus, "the court should not treat the motion as a § 2254 or § 2255 motion but must rule on the merits of the motion as filed." *Thurston v. Maryland*, 611 F. App'x 112, 113 (4th Cir. 2015) (citing *U.S. v. Emmanuel*, 288 F.3d 644, 648 (4th Cir. 2002)); *Zelaya v. Sec't, Fla. Dept. of Corr.*, 798 F.3d 1360, 1368 (11th Cir. 2015) (noting that district court would have been obligated to construe pleading as presented if Petitioner would have contested recharacterization). Petitioner apparently seeks to proceed under Rule 60 of the Federal Rules of Civil Procedure and argues that his state criminal sentence is void, presumably under section (b)(4). The Clerk of Court is, therefore, **DIRECTED** to construe Petitioner's "notice and demand" as an action brought under Rule 60(b).

As discussed below, Rule 60(b) is not the appropriate vehicle for challenging Petitioner's state court judgment of conviction and his claims are not otherwise cognizable in this action. Furthermore, his legal theories are frivolous. The instant action is

therefore **DISMISSED without prejudice**. Petitioner's motion to proceed *in forma pauperis* is **GRANTED** for purposes of dismissal. All other Motions are **DISMISSED as moot**.

## I. Preliminary Review of Petitioner's Complaint

### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the petitioner is proceeding IFP. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the petitioner's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a pro se compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a petitioner to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the petitioner's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the petitioner is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e); *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

**B.      Discussion**

Petitioner brings this action attacking his state court conviction which appears to have been entered in the Superior Court of Thomas County, State of Georgia.   ECF No. 1-1 at 2-3.   Petitioner argues that his sentence is void under Federal Rule of Civil Procedure, Rule 60(b) and "requests relief from Judgement, as in the Judgement is void." ECF No. 9 at 2.   Pursuant to Rule 60(b),

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) of the Federal Rules of Civil Procedure does not apply to criminal judgments. *U.S. v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.").   The Federal Rules of Civil Procedure also govern actions filed in federal district courts and do not offer relief from state court actions. See Fed. R. Civ. Pro. 1.   Finally, Rule 60(b) motions are "made in the court that rendered the judgment."  *McMillan v. MBank Fort Worth, N.A.*, 4 F. 3d 362, 366 n.8 (5th Cir. 1993).   Consequently, there is no basis upon which Rule 60—or the Federal Rules of Civil Procedure—may be used to obtain relief from state court criminal judgments.

Moreover, the exclusive remedy available for challenging the fact of Petitioner's conviction or the duration of his sentence is habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973).   Petitioner's challenge to his state court criminal conviction is not

cognizable given the nature of this action.  *Id.* ("[H]abeas corpus is the exclusive remedy for a state prison who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

Petitioner's claims are also frivolous. In his motions, Petitioner refers to himself as the "Defendant-in-Error," discusses issues of bonding the criminal action, and ultimately argues that he is a "private person/living sentient being/beneficiary who was put in prison" and "not a corporation or a trust, and as such has sovereign immunity from this foreign court."  ECF No. 9 at 3.  Petitioner further surmises that the prosecutor and sentencing court perpetrated a fraud by "knowingly attempting to create a joinder between a living sentient being and the fictitious corporate name."  ECF No. 1 at 6. The contents of Petitioner's notice and demand parallel arguments and legal theories advanced by adherents of the sovereign citizen movement.   They are based on commercial and tax law and propound an ideology that the state judiciary does not have jurisdiction "over a living man."  *Id.* at 9.

It is well recognized in the Eleventh Circuit that such arguments have no basis in the law and are frivolous.  *See U.S. v. Serling*, 738 F.3d 228 (11th Cir. 2013) (observing that courts confronted by sovereign citizen arguments summarily rejected their theories as frivolous); *Trevino v. Fla.*, 2017 WL 1806512 (11th Cir. 2017) (per curiam) (affirming dismissal of 1983 action based on sovereign citizens as frivolous and noting that if those theories challenged the conviction, habeas was the proper avenue of relief).

### III.  CONCLUSION

Pursuant to the above, Rule 60 of the Federal Rules of Civil Procedure does not provide relief from state court criminal judgments and is not the appropriate vehicle for challenging Petitioner's state court conviction. Petitioner's sovereign citizen legal arguments are also frivolous.  This action is **DISMISSED without prejudice.**  The exclusive remedy available to attack Petitioner's state court conviction is a petition for writ of habeas corpus.   The Clerk is **DIRECTED** to send Petitioner the Court's standard 2254 form petition.   Petitioner's motion to proceed *in forma pauperis* is **GRANTED** for purposes of dismissal.   All other Motions are **DISMISSED as moot**.

SO **ORDERED**, this 25th day of August, 2017.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE